# UNITED STATES COURT OF INTERNATIONAL TRADE

FEUTRE NATIONAL FELT INC.,

Plaintiff

v.

UNITED STATES,

Defendant.

Court No. 26-00943

## COMPLAINT

Pursuant to the Rules of the United States Court of International Trade, Plaintiff FEUTRE NATIONAL FELT INC., through its undersigned attorneys, alleges for its complaint as follows:

1. Jurisdiction of this Court over the subject matter of this civil action has been properly invoked pursuant to 28 U.S.C. § 1581(a).
2. Plaintiff has standing under 28 U.S.C. § 2631, as amended, to prosecute a civil action to contest the denial, pursuant to Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, of a protest filed under the authority of Section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514.
3. Plaintiff is the Importer of Record of the merchandise covered by the entries listed on the attached Schedule A. Protests contesting the classification and rate of duty assigned to the merchandise at liquidation were timely filed and denied as set forth in the attached Schedule A.
4. The instant action was timely commenced, all liquidated duties having been paid prior to the commencement of this action, and all other conditions precedent to the commencement of this action having been performed or having occurred.

5. The merchandise in issue consists of rectangular felt pads of other textile materials ("felt pads"), also called "Rag Rugs" or "Shoddy Rolls."

6. The various style numbers of the subject felt pads are:

   FLEX-XEL S-208

   FLEX-XEL 2C-050

   FLEX-XEL 2C-025

   FLEX-XEL S-516

   FLEX-XEL S-125

   FLEX-XEL S-100

7. The felt pads are produced in Canada.

8. The principal raw materials of the felt pads are (i) synthetic textile waste, classified in subheading no. 5505.10, and (ii) synthetic staple fibers (polyester, bi-component), referred to as Polylow Melt (or "Poly L/M"), classified in subheading no. 5503.20 and (iii) trim waste, also classified in subheading no. 5505.10.

9. Under the United States-Canada-Mexico Agreement (USMCA), the origin criterion for the textile waste supplied by various US and Canadian suppliers, classified in subheading 5505.10 as synthetic textile waste, is Criterion A. This is pursuant to the pertinent origin rule, which is set forth in GN 11(l)(iv)(10) of the HTSUS:

(iv) Good wholly obtained or produced entirely in the territory of one or more USMCA countries.—The term "good wholly obtained or produced entirely in the territory of one or more USMCA countries" means any of the following:

(10) waste and scrap derived from—

(A) production in the territory of one or more USMCA countries; or

(B) used goods collected in the territory of one or more USMCA countries, if such goods are fit only for the recovery of raw materials;

10. See ruling no. H319826 (2/3/22). These textile waste raw materials are collected in the

US and Canada. They are also goods wholly obtained or produced entirely in the USMCA territory.

11. Subject to the exception noted in para. 13, the origin criterion for all of the Poly Low Melt, classified in subheading 5503.20, is also Criterion A, wholly obtained in the USMCA territory, as the fibers are pulled apart by the producer in the USMCA territory as waste.

12. The Originating Material status of the "trim waste," classified in subheading 5602.29, is also Criterion A. The trim waste is the trimmed-off material collected when the excess felt product is trimmed (or cut) to its specified width near the end of Plaintiff's prior production process of the subject felt pads.

13. In all but five of the entries all of the materials were originating materials, exclusively of US-origin or Canadian-origin. These entries were: DS9-6310407-2, DS9-6310939-4, DS9-6311153-1, DS9-6312279-3 and DS9-6314138-9. The subject merchandise in these five entries was produced in September-October 2024 when North American-origin Polylow Melt material was not available.

14. For the subject felt pads in those exceptional five entries, the Polylow Melt material was of Korean-origin. As noted, that material was classified in subheading no. 5503.20 and thus did not meet the requisite General Note 11 tariff shift, i.e.,

1. A change to headings 5601 through 5605 from any other chapter, except from headings 5106 through 5113, 5204 through 5212, 5310 through 5311 or chapters 54 through 55.

15. The felt pads were eligible for USMCA benefits, however, because the weight of the nonoriginating material, Polylow Melt, was less than the 10% by weight de minimis amount allowed under General Note 11(e)(iv)(A):

(iv) Textile or apparel goods.

(A) Goods classified under chapters 50 through 60.—Except as provided in subparagraph (C) below, a textile or apparel good provided for in any of chapters 50 through 60 or heading 9619 that is not an originating good because certain nonoriginating materials used in the production of the good do not undergo an applicable change in tariff classification set forth in subdivision (o) of this note, shall be considered to be an originating good if the total weight of all such materials, including elastomeric yarns, is not more than 10 percent of the total weight of the good and the good meets all other applicable requirements of this note.

16. The requirements of General Note 11 for USMCA-eligibility have been satisfied for all of the imported merchandise in all of the entries.

17. The imported merchandise was entitled to duty-free entry and an exclusion from the levy of the Merchandise Processing Fee (MPF).

18. The subject products imported into the US in 2024 are in all material respects identical to the products imported into the US in 2025.

19. The USMCA eligibility of the 2025 entries was established by an exhaustive CF28 review by CBP of entry no. DS9-6259301-0.

20. The subject felt pads were liquidated with tariff classification under subheading no. 5602.29.0000, HTSUS, and assessed duty at 6.3 % ad val. and MPF was also collected.

21. Plaintiff's subject merchandise meets all USMCA eligibility requirements and Plaintiff is entitled to a refund of customs duty and MPF paid on these entries.

WHEREFORE, Plaintiff respectfully requests

a. That Judgment be entered overturning the Government's classifications which did not grant USMCA eligibility, sustaining Plaintiff's claim of USMCA eligibility, and

b. That an Order be issued directing US Customs and Border Protection to

i. reliquidate the subject entries, and

ii. refund to Plaintiff all duties and fees collected together with such interest as provided by law, and

c. Such other and necessary relief that this Honorable Court deems just and proper under these circumstances.

Respectfully submitted,

Mark K. Neville, Jr.
International Trade Counsellors
*Counsel to Plaintiff*
2153 Clementine Street
Naples, FL 34120
Tel. 239 384 9790
Cell 347 226 0238
mkneville@itctradelaw.com

Dated: October 8, 2026

**CERTIFICATE OF SERVICE**

**CIT CASE NO. 26-00943**

Pursuant to U.S. Court of International Trade Rules 4(b) and (h), I hereby certify that on October 8, 2026, a copy of Plaintiff's Complaint was served on the following party, Defendant the United States, by U.S. Certified Mail, Return Receipt Requested to:

Adam Vischio, Esq.
Commercial Litigation Branch
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Mark K. Neville, Jr.
International Trade Counsellors
2153 Clementine Street
Naples, FL 34120
Tel. 239 384 9790
Cell 347 226 0238
mkneville@itctradelaw.com